David K. W. Wilson, Jr.
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| JON BEARDEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTHWEST COLLECTORS,<br><br>　　　　　Defendant. | Cause No.: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　COME NOW Plaintiff, Jon Bearden, and brings this cause of action violations of the Fair Debt Collection Practices Act and the Montana Consumer Protection Act.

## PARTIES

1. Plaintiff, Jon Bearden, is an individual residing in Missoula County, Montana.

2. Defendant Northwest Collectors is a Montana corporation with its headquarters in Missoula, Montana.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1692k. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendants is also liable to the Plaintiff pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

4. Venue is proper in the Missoula Division, pursuant to Rule 3.2(b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiff resides in, and Defendants do business in the Missoula Division.

## FACTS

5. Plaintiff Jon Bearden is a disabled veteran, living on a fixed income.

6. Mr. Bearden was renting an apartment in Missoula from Caras Property Management. He had rented the property since 2011, and his security deposit was $505.

7. In early 2017, Mr. Bearden gave his 30-day notice, and then moved out of the apartment on or about January 31, 2017. He left the apartment in good condition, with the exception of a broken light shade, two broken blinds, and a torn window screen.

8. On or around March 5, 2017, Mr. Bearden asked about the status of his security deposit. He was informed by mail that he would not get the deposit back, and in addition, owed Caras $935.93.

9. At some point soon after, Caras turned the collection of the deposit over to Northwest Collectors.

10. On August 3, 2017, Northwest Collectors sent Mr. Bearden a collection demand letter.

11. On or around August 4, 2017, Mr. Bearden responded to the letter by letter disputing the amount of the debt and asking Northwest Collectors to cease collection. When Mr. Bearden received an identical copy of the first collection letter a few days later, he called Northwest Collectors and again disputed the collection.

12. On August 14, 2017, Northwest Collectors sent Mr. Bearden a letter asking him for specific information in his dispute. The letter appears to be a form letter responding to a dispute under the Fair Credit Reporting Act, not a letter providing the necessary verification of a debt under the Fair Debt Collection Practices Act. In other words, instead of verifying the basis for the debt it was attempting to collect as is required under the Fair Debt Collection Practices Act, Northwest Collectors asked Mr. Bearden to verify the basis of his dispute.

13. Mr. Bearden has been harmed by Northwest Collectors' wrongful actions.

## Count One – Fair Debt Collection Practices Act

14. The preceding paragraphs are realleged as though set forth in full hereunder.

15. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a.

16. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a.

17. Defendant was attempting to collect a "debt" pursuant to 15 U.S.C. § 1692a.

18. Defendant's violations of the FDCPA include, but are not limited to:

    a. Falsely representing that Northwest Collectors would provide verification of the debt in violation of 15 U.S.C. § 1692e(10)

    b. Failing to verify the debt in violation of 15 U.S.C. § 1692g.

19. As a result of these actions, Defendant is liable for actual and statutory damages, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## Count Two– Montana Consumer Protection Act

20. The preceding paragraphs are realleged as though set forth in full hereunder.

21. Plaintiff is a "consumer" under the MCPA.

22. Defendant was engaged in "trade or commerce."

23. Defendant's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, failing to properly verify the debt, and putting the onus on the Plaintiff to document his dispute.

24. As a result of Defendant's actions, Plaintiff suffered an ascertainable loss of money or property, and has suffered mental anguish and emotional distress.

25. Defendant is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees pursuant to § 30-14-133, MCA.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff prays for the following relief:

1. For actual damages, and statutory damages of $1,000, pursuant to 15 U.S.C. 1692k and § 30-14-133, MCA;

2. For attorneys fees and costs, pursuant to 15 U.S.C. § 1692k, and § 30-14-133, MCA.

3. For treble damages pursuant to § 30-14-133, MCA.

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiff hereby demands a trial by jury of the issues triable by right by jury.

DATED this 12th day of October, 2017.

By: /s/ David K. W. Wilson, Jr.
David K. W. Wilson, Jr.
Morrison Sherwood Wilson & Deola PLLP
*Attorneys for Plaintiff*